IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMERALD M. AUSBY, #B61216, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-01712-SMY |
| | ) |
| LATOYA HUGHES, | ) |
| ANTHONY D. WILLS, | ) |
| and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Emerald Ausby filed a *pro se* First Amended Complaint pursuant to 42 U.S.C. § 1983 for constitutional claims arising from the alleged denial of a mattress for 62 hours in restrictive housing at Menard Correctional Center on December 1, 2023 (Doc. 20). He seeks declaratory, monetary, and injunctive relief. The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant. *See* 28 U.S.C. § 1915A(a)-(b).

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 20, pp. 5-6): Gallery Officer John Doe (G/O Doe) moved Plaintiff from Cell 137 to Cell 637 in 6 Gallery (Segregation) of Menard's North 2 Housing Unit on December 1, 2023. As soon as he arrived at Cell 637, Plaintiff noticed no mattress on the bed. He asked the officer for one, but G/O Doe said there were no more mattresses available. When Plaintiff asked for the mattress from Cell 137, the officer ignored him. Plaintiff waited 62 hours for a mattress. *Id*.

1

### Discussion

The Court designates the following claim in the *pro se* First Amended Complaint:

Count 1: Eighth Amendment claim against Defendants for denying Plaintiff a mattress in restrictive housing for 62 hours beginning December 1, 2023.

Any other claim mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

An Eighth Amendment claim for unconstitutional living conditions arises when prison officials exhibit deliberate indifference to conditions that deny inmates "the minimal civilized measure of life's necessities," including adequate food, shelter, clothing, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, Plaintiff describes the denial of a bed mattress for 62 hours with no resulting injuries. The denial of a mattress, alone, is not sufficiently serious to support an Eighth Amendment claim. Plaintiff describes a temporary discomfort and provides no other details. As such, the allegations do not describe the denial of a basic human need or an excessive risk to inmate health or safety. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986) (mere discomfort and inconvenience do not implicate Eighth Amendment).

Plaintiff also fails to describe deliberate indifference on the part of a defendant. He does plead facts suggesting that a defendant knew of and disregarded a substantial risk of serious harm posed by the conditions. *Farmer*, 511 U.S. at 847. He alleges only that G/O Doe responded to his request for a mattress by saying none were available and that the officer then ignored his request

to remove the mattress from Cell 137 and place it in Cell 637. The officer's alleged response does not rise to the level of deliberate indifference.

Plaintiff names Warden Anthony Wills and Illinois Department of Corrections Director Latoya Hughes as defendants because of their supervisory roles over the prison and prison officials, but he does not mention these defendants in the statement of his claim. *Respondeat superior* is not a basis for liability under § 1983; liability in this context hinges on personal involvement in a constitutional deprivation. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). Therefore, Plaintiff must set forth allegations of misconduct against each individual defendant. He includes no allegations against them.

For the foregoing reasons, Count 1 does not survive screening against G/O Doe, Warden Wills, or Director Hughes, and this claim will be dismissed with prejudice.

## Disposition

The First Amended Complaint (Doc. 20) and this action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted against Defendants **JOHN DOE, ANTHONY WILLS,** and **LATOYA HUGHES**. The Letter seeking Status (Doc. 27) is hereby deemed **MOOT**. Plaintiff is **ADVISED** that the dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the appellate filing fee of $605.00 irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike." A

proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** July 14, 2025                   *s/ Staci M. Yandle*
                                                             **Staci M. Yandle**
                                                             **United States District Judge**